ERASTUS H. PEASE and another, Respondents, v. HENRY SMITH and another, Appellants.

(GENERAL TERM, THIRD DEPARTMENT, MARCH, 1872.)

In an action to recover the value of goods purchased by the defendants from a junk dealer, to whom they had been sold by one alleged to have stolen them,—*Held*, that the plaintiff might show the arrest, conviction and imprisonment of the thief for the theft proved, to account for his non-production as a witness, and as strengthening the evidence of the larceny. (BALCOM, J. dissenting.)

And it seems, in such case, the statement of a witness as to the fact of arrest, etc., is competent.

On a verdict for the plaintiff in the case, interest is recoverable, as of course.

THIS action was brought to recover the value of a quantity of law blanks, legal forms, printed blanks, paper, stationery, etc., which the plaintiffs alleged that they owned, and that the defendants received them unlawfully and converted them to their own use.

The defendants denied the material allegations in the plaintiffs' complaint.

The action was tried at the Albany Circuit, in November, 1871. The jury rendered a verdict, in favor of the plaintiffs, for $2,210 damages.

The judge refused to grant defendants' motion for a new trial, on the minutes of the court, and judgment was entered on the verdict in favor of the plaintiffs with costs.

The defendants appealed from the order denying their motion for a new trial, and from the judgment on the verdict to the General Term of this court. The facts appear in the opinion.

*Wm. P. Prentice*, for the respondents.

*A. J. Parker*, for the appellants.

Present—MILLER, P. J., POTTER and BALCOM, JJ.

MILLER, P. J. I cannot concur with my brother Balcom, in holding that the judge erred, upon the trial of this action, in allowing the plaintiff to prove the reason why Mason, the porter employed by them, was not produced and sworn as a witness. The plaintiffs proved that the goods, for the value of which the action was brought, had been stolen by the porter, and after showing that a portion of the stolen property had been traced and discovered in the possession of another party, the question was put, " What became of the porter ?" This was objected to by defendant, without stating any grounds, and without any exception being taken to the ruling. The witness (one of the plaintiffs) answered, ." He was arrested, and in a few days was sent to Clinton prison." The plaintiffs' counsel stated that he only wished to account for the absence of the porter. The defendant excepted to it as immaterial and calculated to prejudice the case. The following question was then put, " The porter was sentenced for this theft and sent to Clinton prison ?" to which there was the same objection, ruling and exception, and the witness answered, " Yes, he was sent to Clinton prison."

As to the materiality of the evidence, I think it was competent for the purpose of accounting for the absence of the porter. The theory of the plaintiffs was, that the property had been stolen and had been disposed of by the thief to a junk dealer who sold it to the defendants. The plaintiffs were therefore bound to make out that it was stolen, and that the porter was the thief. As a part of this evidence, it was material to account for the absence of the porter, and to show why he was not called upon to testify. This could only be done by showing why he was not there and where he then was. It is admissible evidence to show that a person who might have been a witness has absconded and left the State, and after proving a larceny, it seems to me, it was competent to show, in corroboration of the evidence of the theft, that the accused party was arrested and convicted and sent to the State prison. This would add greatly to the force and strength of the other testimony, while to stop

Pease *v.* Smith.

at mere proof of the theft, without going further, would somewhat deteriorate from it. True, the plaintiffs might have made out a case without accounting for the absence of Mason the porter, and perhaps were not bound to call him, even if present in court; but it cannot be claimed, I think, that if the plaintiff had stopped with simple proof of the theft and nothing more, his case would have been as strong as if the arrest, conviction and imprisonment had been shown.

As to the evidence being prejudicial to the case: if a theft was established, then a conviction and sentence of the thief would not prejudice the case, except so far as it tended to strengthen the evidence of the larceny, and in that point of view it was clearly competent.

No objection was taken that the record was not produced; and if it had been, I think it would not have been available, because it was a collateral matter.

I think that no error was committed by the judge upon the trial, and this judgment must be affirmed, with costs.

BALCOM, J. (dissenting). The plaintiffs were booksellers and stationers, in the city of Albany. They claimed that one Mason, when in their service as a porter, had feloniously taken all, or a portion of the blanks and papers in question, from their store, and that such blanks and papers had been subsequently received and converted by the defendants, who were extensive dealers in paper materials in the city of Albany.

The first witness sworn on the trial, on the part of the plaintiffs, was Erastus H. Pease, who was one of the plaintiffs. He was asked what became of the porter, Mason, to which the defendants objected. Pease answered, " He was arrested in a few days, and sent to Clinton prison." Plaintiffs' counsel then said, he only wished to account for the absence of the porter. The judge allowed it. The defendants' counsel excepted to it as immaterial, and as calculated to improperly prejudice the case.

Pease was then asked: " The porter was then sentenced

for this theft, and went to Clinton prison?" when the defendants' counsel made the same objection he had previously taken, and there was the same ruling and exception as had been previously made and taken. Pease answered, " Yes, he was sent to Clinton prison." He also testified that the porter was arrested and sent to the prison at Clinton on the complaint of the plaintiffs.

It was material for the plaintiffs to establish that their porter, Mason, stole the goods in question from them. But they could not establish that fact by proving that Mason had been convicted of stealing the goods, and sent to the State prison at Clinton. The record of his conviction and sentence, would not have been evidence for the plaintiffs in this case. It was not necessary for the plaintiffs to account for the absence of Mason. If he had been in court during the trial, the omission of the plaintiffs to call him as a witness, would not have been a circumstance against them. They claimed that he stole the goods in question from them, and it could not be expected that they would or should call him to prove the larceny. The fact that Mason had been convicted of stealing the goods and sent to Clinton prison therefor was not competent evidence for the plaintiffs, and I am of the opinion it cannot be regarded as entirely harmless — that it could not have prejudiced the defendants before the jury. They might have considered the fact that Mason had been convicted of stealing the goods and sent to the State prison therefor as establishing that he did steal such goods, when it was necessary for the plaintiffs to prove that fact by other and different evidence. And I am unable to see that the admission of evidence of that fact was an immaterial error that did not affect the merits of the case unfavorably to the defendants, as it probably would have been if it had not been material for the plaintiffs to establish that Mason stole the goods.

The judge properly refused to charge the jury that where a witness is false as to one statement, they ought not to place implicit reliance upon other statements made by that witness.

He had already charged the jury that the defendants had

Pease *v.* Smith.

put in evidence an affidavit made by the plaintiffs' witness, Griffith, bearing upon his evidence, from which they asked the jury to infer that his statement in court differed from his affidavit; that the jury heard his explanation about it, and had heard the affidavit read, and that it was entirely for the jury to give to the affidavit the weight to which it was entitled under the circumstances, so far as it bore upon Griffith's evidence, and that the jury should take his evidence as an entirety with the affidavit. This charge was sufficient on that question, as it was not alleged or insinuated, in the request to charge that Griffith had *intentionally* sworn falsely on any question or point in the case. Whether implicit reliance was to be placed on any portion of the evidence of Griffith, was a question for the jury to determine. The judge charged the jury that the plaintiffs would be entitled to interest, upon the value of the property in question, from the time the same was disposed of by the defendants; to which portion of the charge the defendants' counsel excepted. I am of the opinion the plaintiffs were entitled to interest if the evidence justified a verdict in their favor. (See *Andrews* v. *Durant*, 18 N. Y. Rep., 496.)

It cannot be said that the verdict of the jury was against the evidence. There was sufficient evidence to make the case one for the jury to determine. I think the judge did not err in refusing to nonsuit the plaintiffs, or in charging the jury, or in refusing to charge either of the requests of the defendants' counsel, or in any ruling on the trial, except in permitting the plaintiffs to prove that they had procured their porter, Mason, to be convicted of stealing the goods in question, and that he had been sent to the State prison at Clinton for that offence; and for that error, I am of the opinion the judgment in the action should be reversed and a new trial granted, costs to abide the event.

Judgment affirmed.